### Bud RANDALL v. STATE. (No. 13211.)

Court of Criminal Appeals of Texas. Dec. 4, 1929.

W. T. Link, of Clarendon, for appellant.
A. A. Dawson, State's Atty., of Austin, for the State.

LATTIMORE, J. Conviction for theft of cattle; punishment, two years in the penitentiary.

We find in the record an affidavit in proper form, executed by appellant and by him filed in this court, asking that his appeal be dismissed. The request is granted, and the appeal is dismissed.

### Frank REYNOLDS v. STATE. (No. 12790.)

Court of Criminal Appeals of Texas. Dec. 4, 1929.

Heyser & Hicks, of Wichita Falls, for appellant.
A. A. Dawson, State's Atty., of Austin, for the State.

CHRISTIAN, J. The offense is transporting intoxicating liquor; the punishment, confinement in the penitentiary for two years.

Appellant filed his application for a suspended sentence. He offered proof in support of the proposition that he was 24 years old at the time of the trial. It is further shown that he had never been convicted of a felony in this or any other state. The court refused to submit the question of suspension of sentence to the jury, on the ground that it was not sufficiently shown that appellant was not over 25 years of age at the time of his trial. Appellant timely and properly excepted to such failure. We are unable to say that the testimony does not reasonably support appellant's theory that he was 24 years of age at the time he was tried. We are of the opinion that the question should have been submitted to the jury. See Wilson v. State, 85 Tex. Cr. R. 148, 210 S. W. 802; Taylor v. State, 96 Tex. Cr. R. 379, 257 S. W. 1105.

The judgment is reversed, and the cause remanded.

PER CURIAM. The foregoing opinion of the Commission of Appeals has been examined by the judges of the Court of Criminal Appeals and approved by the court.

### R. B. RHODES v. STATE. (No. 13135.)

Court of Criminal Appeals of Texas. Jan. 1, 1930.

Moore & Wilson, of Amarillo, for appellant.
A. A. Dawson, State's Atty., of Austin, for the State.

LATTIMORE, J. Conviction for rape; punishment, 10 years in the penitentiary.

We find in the record no statement of facts. The objection made to the court's charge depends for its validity upon a showing of the facts stated therein, in order to make apparent the necessity for giving such charge, and we cannot tell, in the absence of a statement of facts, whether the giving of such charge was error or not. The same principle applies to the special charge requested and refused. We cannot appraise same in the absence of a statement of facts.

There appears in the record what is called appellant's objections to the argument of the state, which is in the nature of a bill of exceptions to certain argument therein referred to. It appears from the court's statement that the arguments were made in answer to argument by the attorneys for the accused, and it is impossible for us to ascertain whether same were outside the record, there being no statement of facts.

No error appearing, the judgment will be affirmed.

HAWKINS, J., absent.

### Bennie SHAW v. STATE. (No. 13244.)

Court of Criminal Appeals of Texas. Dec. 18, 1929.

E. S. McAlester, of Greenville, for appellant.
A. A. Dawson, State's Atty., of Austin, for the State.

LATTIMORE, J. Conviction for burglary; punishment, two years in the penitentiary.

We find in the record an affidavit made by the accused, asking that he be allowed to withdraw his appeal. The affidavit appears to be in proper form. The request is granted, and the appeal is dismissed, at the request of the appellant.